1  William P. Cole, Bar No. 186772
2  Matthew R. Orr, Bar No. 211097
   AMIN TALATI WASSERMAN, LLP
3  4660 La Jolla Village Drive,
   Suite 100 #1049
4  San Diego, CA 92122
5  Tel:   (213) 933-2330
   Fax:   (312) 884-7352
6  william@amintalati.com
7  matt@amintalati.com

8  Attorneys for Defendant KSF Acquisition Corporation
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA
12

13  KASAMA BRAND, individually and on        Case No.  22-cv-00392-LAB-JLB
    behalf of all those similarly situated,
14                                            **DEFENDANT KSF ACQUISITION**
15              Plaintiff,                    **CORPORATION'S MEMORANDUM**
                                              **OF POINTS AND AUTHORITIES IN**
16        vs.                                 **SUPPORT OF MOTION TO DISMISS**
                                              **PLAINTIFF'S FIRST AMENDED**
17                                            **COMPLAINT**
    KSF ACQUISITION CORPORATION dba
18  SLIMFAST, a Delaware corporation,
19
                                              Date:  October 11, 2022
20              Defendant.                    Time:  11:30 a.m.
                                              Hon. Larry Alan Burns
21
22

23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................1

II.   PLAINTIFF'S ALLEGATIONS ......................................................1

     A.    The Keto Fat Bomb Chocolate Peanut Butter Cups. ....................1

     B.    The Keto Fat Bomb Shot. .............................................................4

     C.    The Ketogenic Diet. .....................................................................5

     D.    Plaintiff's Narrow "Omission" Theory. ......................................6

III.  LEGAL STANDARDS...................................................................6

IV.  ARGUMENT ................................................................................8

     A.    Plaintiff Lacks Standing to Pursue Injunctive Relief. ................8

     B.    Plaintiff Fails to Allege Any Claims for Equitable Relief Because She Does Not Allege Any Facts Establishing Inadequacy of Legal Remedies. .9

     C.    Plaintiff's CLRA Claim Fails as a Matter of Law Because Plaintiff Fails to Plausibly Allege Reasonable Consumers Would be Deceived..................11

          1.    The reasonable consumer standard. ................................11

          2.    Plaintiff fails to plausibly allege an actionable misrepresentation or omission. ........................................12

     D.    Plaintiff Fails to Plausibly Allege an FAL Claim or a UCL Claim Under the "Fraudulent" or "Unfair" Prongs. ......................................16

     E.    Plaintiff Fails to Plausibly Allege a UCL "Unlawful"-Prong Claim. ........16

     F.    The Unjust Enrichment Claim Fails as a Matter of Law. ..........19

V.   CONCLUSION............................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Adams v. I-Flow Corp.*, No. CV 09-09550, 2010 WL 1339948 (C.D. Cal.
    Mar. 30, 2010) ................................................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................6, 7

*Bates v. United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007) ............... 8

*Becerra v. Dr. Pepper Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019)..........12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ..................................... 6

*Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769 (C.D. Cal. 2019) ........18

*Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001) ...........1, 17, 18

*Chong v. Kind LLC*, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022) ..........17, 18

*Chuang v. Dr. Pepper Snapple Group, Inc.*, No. CV 17-01875-MWF,
    2017 WL 4286577 (C.D. Cal. Sept. 20, 2017) ......................................19

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ...................................... 8

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)................................... 8

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) ................................ 8

*Dashnau v. Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235
    (S.D.N.Y. 2021).............................................................................13

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018).................. 8

*DeBons v. Globus Medical, Inc.*, No. 2:13-CV-08518-SVW, 2014 WL
    12495351 (C.D. Cal. Aug. 8, 2014) ...................................................18

*Duttweiler v. Triumph Motorcycles (America) Ltd.*, 14-CV-04809-HSG,
    2015 WL 4941780 (N.D. Cal. 2015).................................................11

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ..................................12

*Eckler v. Wal-Mart Stores, Inc.*, 12-CV-727-LAB-MDD, 2012 WL
    5382218 (S.D. Cal. Nov. 1, 2012)......................................................16

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995).............................12, 14

*Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) ....................10

*Hairston v. S. Beach Beverage Co.*, CV 1201429-JFW, 2012 WL 1893818 (C.D. Cal. May 18, 2012)................................................12

*Harris v. McDonald's Corp.*, 2021 WL 2172833 (Mar. 24, 2021) ..............................12

*Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018) .............................................15, 16

*Jackson v. General Mills, Inc.*, 18-CV-2634-LAB (BGS), 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020)................................................. 8

*Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889 (N.D. Cal. 2012)...........................7

*Joslin v. Clif Bar & Company*, 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019)................................................. 8

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ..........................7

*Klaehn v. Cali Bamboo, LLC*, 19-CV-1498-LAB (KSC), 2020 WL 3971518,  (S.D. Cal. July 13, 2020)................................................13, 15

*Klein v. Facebook, Inc.*, 20-CV-08570-LHK, 2022 WL 141561 (N.D. Cal. Jan. 14, 2022)................................................19

*Manchouck v. Mondelez Int'l Inc.*, C 13-02148, 2013 WL 5400285 (N.D. Cal. 26, 2013) ................................................14

*McKinniss v. Gen. Mills, Inc.*, CV 07-2521-GAF, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007)................................................14

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191 (N.D. Cal. 2016)...........................9, 10

*Perez v. Nidek Co., Ltd.*, 711 F.3d 1109 (9th Cir. 2013)................................................18

*Pichardo v. Only What You Need, Inc.*, 20-CV-493 (VEC), 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020)................................................12

*Red v. Kraft Foods, Inc.*, 10-CV-01028-GW, 2021 WL 5504011 (C.D. Cal. Oct. 24, 2012)................................................14

*Rhynes v. Stryker Corp.*, 10-CV-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) ................................................10

*Robie v. Trader Joe's Company*, 20-CV-07355-JSW, 2021 WL 2548960 (N.D. Cal. June 14, 2021) ................................................10

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004)....................................7

*Schroeder v. United States*, 569 F.3d 956 (9th Cir. 2009); ..........................................10

*Shaker v. Nature's Path  Foods, Inc.*, EDCV 13-1138-GW(OPx), 2013
    WL 6729802 (C.D. Cal. Dec. 16, 2013)..................................................8, 12

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) ..............................10

*Spreewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)................................7

*Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47 (S.D.N.Y.
    2020) .........................................................................................12

*Stengel v. Medtronic Inc.*, 704 F.3d 1224 (9th Cir. 2013)....................................18

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 S. Ct. 2499
    (2007) .......................................................................................7

*Varela v. Walmart, Inc.*, No. 20-4448-GW-KSx, 2021 WL 8565989
    (C.D. Cal. Mar. 23, 2021) ............................................................12, 16

*Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877 (C.D. Cal. 2013) ...................7

*William v. Gerber Products*, 552 F.3d 934 (9th Cir. 2008)....................................14

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)...........................11, 14

*Yu v. Dr Pepper Snapple Group, Inc.*, 18-CV-06664-BLF, 2020 WL
    5910071 (N.D. Cal. Oct. 6, 2020) .....................................................19

*Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504 (N.D. Ill. Nov.
    4, 2021) .....................................................................................12

**State Cases**

*Bank of the West v. Sup. Ct. (Industrial Indem. Co.)*, 2 Cal.4th 1254
    (1992).........................................................................................9

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th
    163 (1999) ..................................................................................16

*Chapman v. Skype*, 220 Cal.App.4th 217 (2013).................................................11, 16

*Daugherty v. American Honda Motor Co.,* 144 Cal.App.4th 824, 51
  Cal.Rptr.3d 118 (Ct.App.2006) ....................................................................14

*DeHavilland v. FX Networks, LLC*, 21 Cal.App.5th 845 (2018) ..................19

*Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1304 (2011) .......................11

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144
  (2003) ............................................................................................................ 9

*Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326 (2011) .....................17

*LiMandri v. Judkins*, 52 Cal.App.4th 326 (1997) .......................................15

**Statutes**

21 U.S.C. § 337(a) .........................................................................................17

21 U.S.C. § 343-1 ....................................................................................17, 18

Bus. & Prof. Code § 17200 ............................................................................ 6

Bus. & Prof. Code § 17500 ............................................................................ 6

Cal. Bus. & Prof. Code § 17200 ..................................................................... 9

Cal. Bus. & Prof. Code § 17204 ....................................................................17

Cal. Bus. & Prof. Code § 17500 ..................................................................... 9

Cal. Civ. Code § 1750 ..................................................................................6, 9

Cal. Civ. Code § 1781 ..................................................................................... 9

Cal. Civ. Code § 1782 ..................................................................................... 9

Fed.R.Civ.P. 12(b)(1) ..................................................................................... 7

TABLE OF AUTHORITIES

## I.    INTRODUCTION

This case concerns the packaging of two food products named "Keto Fat Bombs" and "Keto Fat Bomb Shots." Plaintiff Kasama Brand claims to have coincidentally bought each product once within a two-week period. She now claims merely because the front labels *truthfully* stated the ketogenic products contain "Zero Added Sugar" and "Zero Sugar," respectively, she was supposedly misled to believe the products are low- or reduced-calorie foods. She makes this implausible claim even though the product packaging declares the calories per serving in large, bold-face type exactly where consumers are accustomed to calories being declared, and even though the name of the products—*Keto Fat Bombs*—does not remotely suggest a low- or reduced-calorie food.

For many reasons, Plaintiff fails to state valid claims:

- Plaintiff lacks standing to pursue injunctive relief. She does not allege any intention to purchase the products again, and, in any event, she is now aware of their calorie content, which is information readily available on the labels.

- Plaintiff cannot pursue any claims for equitable relief under the UCL or CLRA because she fails to allege any facts establishing legal remedies are inadequate.

- The CLRA and UCL claims fail because Plaintiff does not plausibly allege reasonable consumers would be deceived.

- The UCL "unlawful"-prong claim fails because it is preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001). Plaintiff also fails to plausibly allege how the purported technical violation of an FDA regulation caused her any economic injury.

- The unjust enrichment claim fails because California does not recognize a standalone cause of action for unjust enrichment.

## II.    PLAINTIFF'S ALLEGATIONS

### A.    The Keto Fat Bomb Chocolate Peanut Butter Cups.

Defendant markets a chocolate peanut butter cup product called the "Keto Fat Bomb." (First Amended Complaint ("FAC"), Dkt. 5, ¶¶ 40-41.) Plaintiff alleges that, in

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

November 2020, she purchased a single 14-count box of Keto Fat Bombs on Amazon for $9.97. She alleges that the following is a photograph of the product she purchased:



(*Id.* ¶ 41.) Plaintiff conveniently omits from the FAC any image of the rest of the product packaging. An image of the complete outer packaging of the version she alleges she purchased is attached as **Exhibit 1** to the Declaration of Amber Reyna ("Reyna Decl.").

As can be seen, the front of the Keto Fat Bomb package describes the product as "Optimal Low-Carb Ketogenic Nutrition," and also states "Coconut Oil MCTs" and "Zero Added Sugar." (*Id.* ¶ 41.) The packaging also contains the ubiquitous Nutrition Facts panel. (Reyna Decl., Ex. 1.) In large, bold-face type, the Nutrition Facts panel states that the product contains 90 calories per serving:



(*See id.*)

Plaintiff does not allege the statement "Zero Added Sugar" is false. She does not allege that the Keto Fat Bomb cups contain any added sugar. She also does not allege that the Nutrition Facts panel misrepresents the calories per serving in any way. To the contrary, she admits each serving contains 90 calories (just like the packaging says). (Dkt. 5, ¶ 3.) Put simply, Plaintiff does not allege that a single affirmative misrepresentation appears anywhere on the Keto Fat Bomb packaging.

**B.  The Keto Fat Bomb Shot.**

Defendant also markets a gel product called the "Keto Fat Bomb Shot." (*Id.* ¶ 44.) Plaintiff alleges that, in December 2020, she purchased a single 10-count package of Keto Fat Bomb Shots via Amazon. (*Id.* ¶ 57.) Once again, she includes in the FAC what she alleges to be the front of the product packaging, but omits the Nutrition Facts panel:



(*See id.* ¶ 45.) Here is the back of Fat Bomb Shot product packaging:



(Reyna Decl., Ex. 2.)

As can be seen, the front of the Keto Fat Bomb Shot packaging described the product as "Optimal Low-Carb Ketogenic Nutrition" containing "10g PURE MCT OIL" and "ZERO SUGAR." (Dkt. 5, ¶ 45.) The packaging also contains a Nutrition Facts panel, which states in large, bold-face type that the product contains 100 calories per serving. (Reyna Decl., Ex. 2.)

Plaintiff does not allege the statement "Zero Sugar" is false. She does not allege that the Keto Fat Bomb Shot contains any sugar. She also does not allege that the Nutrition Facts panel misrepresents the calories per serving in any way. She admits each serving contains 100 calories, just like the packaging says. (Dkt. 5, ¶ 4.) Plaintiff does not allege that a single affirmative misrepresentation appeared anywhere on the Keto Fat Bomb Shot packaging.

**C.    The Ketogenic Diet.**

Plaintiff admits the Keto Fat Bomb Cups and Keto Fat Bomb Shots are marketed as *ketogenic* products. She admits in the FAC that the point of a "keto" diet is to consume

foods low in carbohydrates. (Dkt. 5, ¶ 23.) Sugar, of course, is a carbohydrate, and the prime example of what consumers following a ketogenic diet avoid. (*See id.* ¶ 23 [alleging consumers purchase ketogenic products to eat less sugar].) Notably, Plaintiff does not allege that calorie content has anything to do with whether a food is "keto" friendly. A food high in fat or protein, for example, but containing no sugar or other carbohydrates, may very well be rich in calories and yet perfectly in line with a ketogenic diet.  Plaintiff does not allege otherwise.

### D.    Plaintiff's Narrow "Omission" Theory.

Because Plaintiff does not claim that the "zero sugar" or "zero added sugar" statements are false, the only theory she tries to set forth in the FAC is an omission theory. She alleges that "Defendant deceptively failed to reveal facts that are material in light of the sugar claims that were made." (Dkt. 5, ¶ 84.) Plaintiff asserts that those "facts" are the calorie content of the products, but the packaging explicitly disclosed the calories per serving in the Nutrition Facts panel.

Based on her omission theory, Plaintiff attempts to assert the following claims on behalf of a California class: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"); (2) violation of the "unfair" prong of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200, et seq.; (3) violation of the UCL's "fraudulent" prong; (4) violation of the UCL's "unlawful" prong; (5) violation of California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500, et seq.; and (6) unjust enrichment.

## III.   LEGAL STANDARDS

The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8, 12(b)(6). Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). The complaint must state sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Allegations that are merely consistent with liability do not suffice. *Id.*

The court does not accept as true "legal conclusions," "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion" devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted). The court also need not accept unwarranted deductions of fact or unreasonable inferences. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Determining whether allegations amount to a "plausible" claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 669.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The court sustains a facial attack on subject matter jurisdiction if "the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The label images for the products at issue (Reyna Decl., Exs. 1 and 2) are properly considered by this Court under the doctrine of incorporation by reference. When ruling on a Rule 12 motion, a court may look beyond the pleadings at "documents incorporated by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007). A document is incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations and citation omitted). Here, the product labels are the basis of all of Plaintiff's claims and her FAC references them extensively. *See Jones v. ConAgra Foods, Inc.*, 912 F.Supp.2d 889, 903 n.7 (N.D. Cal. 2012) (product label properly considered "because it is referenced in the complaint"); *Viggiano v. Hansen Natural Corp.*, 944 F.Supp.2d 877, 882-83 (C.D. Cal. 2013) (taking notice of product labels and packaging referenced in the

- 7 -

complaint); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW, 2013 WL 6729802, at *5 n.7 (C.D. Cal. Dec. 16, 2013).

## IV.   ARGUMENT

### A.   Plaintiff Lacks Standing to Pursue Injunctive Relief.

Because standing is a threshold issue, Defendant addresses it first. *See Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). To having standing to seek injunctive relief, the plaintiff must show she is likely to suffer future injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Plaintiff bears the burden to establish standing for her injunctive relief claim. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 and n.3 (2006); *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).

While a "customer who is deceived by false advertising *may* have standing to seek injunctive relief forbidding the defendant from engaging in the same false advertising again[,]" the "consumer must still establish the threat of actual and imminent injury." *Jackson*, 2020 WL 5106652, at *5 (discussing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)) (emphasis in original). The "threatened injury must be certainly impending to constitute injury in fact, and . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations omitted). Where the plaintiff is now aware of the allegedly misleading advertising claim, and can check the claim merely by looking at the product label, the plaintiff fails to plausibly allege any likelihood she will be deceived in the future. *Jackson*, 2020 WL 5106652, at *5.

Here, for two reasons, Plaintiff fails to allege any facts establishing standing to pursue injunctive relief. First, the Complaint does not include any allegation whatsoever that Plaintiff intends to, or even desires to, purchase either the Keto Fat Bomb or Keto Fat Bomb Shot products again. *See Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW, 2019 WL 5690632, at *3 (N.D. Cal. Aug. 26, 2019) (no standing for injunctive relief where "Plaintiffs do not allege they want to or intend to purchase the Products in

the future"). Second, Plaintiff alleges she is now aware the Products are not low- or reduced-calorie foods. Her own allegations make clear she knows the Keto Fat Bomb contains 90 calories per serving, and that the Keto Fat Bomb Shot contains 100 calories per serving. (Dkt. 5, ¶¶ 3-4.) With that knowledge, even if she wanted to purchase either product in the future (something she does not allege), she could simply look at the nutrition facts panel on the product labels—which clearly state the calories per serving in large font—to see the calories per serving. "[W]here a plaintiff learns information during litigation that enables her to evaluate product claims and make appropriate purchasing decisions going forward, an injunction would serve no meaningful purpose as to that plaintiff." *Jackson*, 2020 WL 5106652, at *5; *accord Joslin,* 2019 WL 5690632, at *4. Because Plaintiff fails to allege standing to pursue injunctive relief, the Court should dismiss all claims for injunctive relief.

> **B.**     **Plaintiff Fails to Allege Any Claims for Equitable Relief Because She Does Not Allege Any Facts Establishing Inadequacy of Legal Remedies.**

In Counts 2 through 5, Plaintiff alleges violations of the UCL and FAL. UCL and FAL claims are equitable claims providing only equitable relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) (the UCL and FAL provide a private party with only two potential remedies: an injunction and restitution); *Bank of the West v. Sup. Ct. (Industrial Indem. Co.*), 2 Cal.4th 1254, 1266 (1992) (neither actual nor compensatory damages may be awarded under the UCL); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) ("[T]he UCL provides only the equitable remedies of restitution and injunctive relief. A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." (quotation and citation omitted)). In Count 1, Plaintiff alleges a CLRA claim. The CLRA provides for both legal remedies (money damages) and equitable remedies. Cal. Civ. Code §§ 1781, 1782.

Before a party can avail herself of a federal court's equitable jurisdiction, she must demonstrate that she lacks an adequate remedy at law. *Guaranty Trust Co. of New York*

*v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842-44 (9th Cir. 2020); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Moss*, 197 F. Supp. 3d at 1203. This is true even where a plaintiff attempts to plead equitable relief in the alternative. *Rhynes v. Stryker Corp.*, No. 10-cv-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)). "Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable." *Id.*; *accord Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010).

In *Sonner*, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 843-44. In *Sonner*, another food-labeling class action, the plaintiff brought claims for restitution under the UCL and CLRA, but also a claim for money damages under the CLRA. *Id.* at 838. The court dismissed the claims for restitution because plaintiff had an adequate legal remedy—namely, the CLRA damages claim. The Ninth Circuit affirmed, holding the plaintiff had failed to show how an award of damages under the CLRA would be inadequate in any way compared to restitution. *Id.* at 844.

The same applies here. Plaintiff seeks "to recover actual damages." (Dkt. 5, ¶ 88.) The CLRA claim for damages is based on precisely the same alleged conduct as Plaintiff's claims for restitution and injunctive relief—namely, the allegations that Defendant failed to accompany the "zero sugar" or "zero added sugar" statements with a disclaimer that the products "are not low- or reduced-calorie foods" (Dkt. 5, ¶¶ 5-6, 48), and that had Plaintiff known, she either would not have purchased the products or would have paid less for them. (*Id.* ¶¶ 60-61.) Plaintiff does not plead any facts which, if true, would show that an award of damages would not be an adequate remedy. *See Sonner*, 971 F.3d at 845; *Robie v. Trader Joe's Company*, No. 20-CV-07355-JSW, 2021 WL 2548960, at *6 (N.D. Cal. June 14, 2021) ("Because Plaintiff has not alleged she lacks an adequate remedy at law, the claims for equitable relief and restitution fail."); *Duttweiler*

*v. Triumph Motorcycles (America) Ltd.*, No. 14-cv-04809-HSG, 2015 WL 4941780, at *8 (N.D. Cal. 2015) ("Duttweiler seeks damages under the CLRA for the exact same conduct that forms the basis of his UCL and FAL claims. Accordingly, in order to demonstrate some entitlement to equitable relief, Duttweiler was required to allege facts suggesting that damages under the CLRA alone would not provide adequate relief."). Therefore, the Court should dismiss Plaintiff's UCL and FAL claims (Counts 2 through 5) as well as Plaintiff's claims for equitable relief under the CLRA.

### C.   Plaintiff's CLRA Claim Fails as a Matter of Law Because Plaintiff Fails to Plausibly Allege Reasonable Consumers Would be Deceived.

Plaintiff's CLRA claim suffers from yet another defect. She fails to plead facts plausibly establishing that just because the label truthfully states the product contains no sugar or no added sugar, a reasonable consumer would believe a "Fat Bomb" is low calorie.

### 1.   The reasonable consumer standard.

The "reasonable consumer" standard governs Plaintiff's CLRA claim (Count 1). To state a CLRA claim, Plaintiff must plead facts plausibly establishing that statements or representations appearing on the product label are likely to mislead a reasonable consumer. *Chapman v. Skype*, 220 Cal.App.4th 217, 230 (2013); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

"Likely to deceive implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Chapman*, 220 Cal.App.4th at 227. Instead, "the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, *acting reasonably in the circumstances*, could be misled." *Id.* at 227 (emphasis added): *Hill v. Roll Int'l Corp.*, 195 Cal.App.4th 1295, 1304 (2011). A plaintiff's allegation that she was personally deceived is insufficient to show that reasonable consumers are likely to be misled. *Hill*, 195 Cal.App.4th at 1303-04;

*Harris v. McDonald's Corp.*, 2021 WL 2172833, at *2 (Mar. 24, 2021) (plaintiff cannot proceed "simply by asserting her own belief and conclusions about consumers' beliefs").

Furthermore, "Plaintiff's selective interpretation of individual words or phrases from a product's labeling cannot support a CLRA, FAL, or UCLA claim." *Hairston v. S. Beach Beverage Co.*, No. CV 1201429-JFW, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012). Instead, the court considers "the promotion as a whole." *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995). Courts regularly dismiss CLRA claims where the plaintiff fails to plausibly allege the product label would be deceptive or misleading to a reasonable consumer. *See, e.g., Becerra v. Dr. Pepper Seven Up, Inc.*, 945 F.3d 1225, 1228-31 (9th Cir. 2019); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016); *Robie*, 2021 WL 2548960, at *5; *Varela v. Walmart, Inc.*, No. 20-4448-GW-KSx, 2021 WL 8565989, at *4 (C.D. Cal. Mar. 23, 2021); *Shaker v. Nature's Path Foods, Inc.*, No. EDCV 13-1138-GW(OPx), 2013 WL 6729802, at *3 (C.D. Cal. Dec. 16, 2013) ("where a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging dismissal is appropriate").

## 2.    Plaintiff fails to plausibly allege an actionable misrepresentation or omission.

Much of the FAC is devoted to Plaintiff's arguments about FDA regulations, including references to Chapter 21 of the Code of Federal Regulations. But, as noted, under the CLRA, the question is whether the packaging misleads reasonable consumers, not whether it complies with an FDA regulation. "[C]laims regarding FDA regulations are not relevant to determining whether a label is deceptive or misleading" to reasonable consumers. *Pichardo v. Only What You Need, Inc.*, No. 20CV-493 (VEC), 2020 WL 6323775, at *3 n.6 (S.D.N.Y. Oct. 27, 2020); *accord Steele v. Wegmans Food Markets, Inc.*, 472 F.Supp.3d 47, 50 (S.D.N.Y. 2020). "The point here is not conformity with this or that standard (which is left to authorities to regulate) but whether the marketing presentation was deceptive." *Steele*, 472 F.Supp.3d at 50; *accord Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (same); *Dashnau v.*

*Unilever Manufacturing (US), Inc.*, 529 F.Supp.3d 235, 243 (S.D.N.Y. 2021) ("Plaintiffs' citation to various federal regulations do not establish that a reasonable consumer is likely to be misled by the words 'vanilla bean ice cream' on the Product's front label.").

When the packaging itself is considered, it is apparent Plaintiff has failed to plausibly allege reasonable consumers would be deceived. A CLRA claim can be based on an affirmative misrepresentation, *Klaehn v. Cali Bamboo, LLC*, No. 19cv1498-LAB (KSC), 2020 WL 3971518, at *7 (S.D. Cal. July 13, 2020), but Plaintiff does not allege that any affirmative misrepresentation appeared anywhere on the product packaging. She does not allege that the "zero sugar" or "zero added sugar" claims are false.

In narrow circumstances, a CLRA claim can be based on an omission, *Klaehn*, 2020 WL 3971518, at *5-6, but none of those circumstances apply here. First, Defendant did not omit calorie information from the packaging. To the contrary, Defendant stated in large, bold-face type that the Fat Bombs contain 90 calories per serving and the Fat Bomb Shots contain 100 calories per serving. (*See* Reyna Decl., Exs. 1-2.) That is *precisely* the information that Plaintiff herself says makes clear the products are not low- or reduced-calorie foods. (Dkt. 5, ¶ 3.) There is simply no omission.

The words "Keto" and "zero sugar" or "zero added sugar" are immediately helpful to a reasonable consumer seeking a ketogenic product. Plaintiff does not allege that ketosis has anything to do with calories per serving of a particular product, but if a reasonable consumer considering whether to purchase a *Fat Bomb* rich in coconut oil had any curiosity as to the calorie content, he or she could simply glance at the Nutrition Fact panel—a split-second act of common sense and personal responsibility. In any event, it is simply implausible to suggest that reasonable consumers do not know that fat is rich in calories, or that reasonable consumers would assume a product called a fat *bomb* would be low in calories (with or without a "zero sugar" or "zero added sugar" statement).

"It is true that a reasonable consumer is not 'expected to look beyond *misleading* representations on the front of the box to discovery the truth in small print on the side of the box label.'" *Varela*, 2021 WL 8565989, at *8 (quoting *William v. Gerber Products*,

552 F.3d 934, 939 (9th Cir. 2008) (emphasis added)). But *Williams* "merely bars a defendant from correcting an affirmative misrepresentation on the front packaging through a back of the box ingredient list." *Varela*, 2021 WL 8565989, at *8 (quoting *Red v. Kraft Foods, Inc.*, 10-cv-01028-GW, 2021 WL 5504011, at *3 (C.D. Cal. Oct. 24, 2012)). Where there isn't any misrepresentation on the front label, courts consider the context of the packaging as a whole. *See, e.g., Freeman*, 68 F.3d at 290 ("Any ambiguity that [the Plaintiff] would read into any particular statement is dispelled by the promotion as a whole."); *Manchouck v. Mondelez Int'l Inc.*, No. C 13-02148, 2013 WL 5400285, at *3 (N.D. Cal. 26, 2013) ("the amended complaint admits that the list of ingredients on the package serves notice to consumers that the products contain, 'Raspberry Purée' and 'Strawberry Purée' respectively"); *McKinniss v. Gen. Mills, Inc.*, No. CV 07-2521-GAF, 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (a reasonable consumer "would be then expected to peruse the product's contents simply by reading the side of the box containing the ingredient list"). As noted, this case does not involve any misrepresentation on the front label, and the packaging expressly discloses the calories per serving information that Plaintiff herself alleges makes obvious the foods are not low- or reduced-calorie.

Second, while there is no omission in the first place, "California courts have generally rejected a broad obligation to disclose, adopting instead the standard as enumerated by the California Court of Appeal in *Daugherty v. American Honda Motor Co.,* 144 Cal.App.4th 824, 51 Cal.Rptr.3d 118 (Ct.App.2006)." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). There is no liability for fraudulent omission under the CLRA "unless the omission is 'contrary to a representation actually made by the defendant, or an omission of a fact that defendant was obligated to disclose.'" *Wilson*, 668 F.3d at 1141 (quoting *Daugherty*, 114 Cal.App.4th at 835). Here, the information about the calories per serving is not contrary to any other representation made on the packaging. Furthermore, in *Wilson*, the court held that, in an omission case, the plaintiff must plead that the undisclosed information created a safety hazard. *Id.* at 1142-

1143; *see also Klaehn,* 2020 WL 3971518, at *6 ("Plaintiffs offer no authority permitting the Court to depart from the rule stated in *Wilson* that only omissions relating to safety hazards are actionable."). The FAC does not allege facts establishing that Defendant omitted any facts creating a safety hazard.

Finally, in *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018), the court, while not overruling *Wilson*, considered intervening California Court of Appeal decisions suggesting that a duty to disclose also may arise where the plaintiff plausibly alleges (1) the omission was material, (2) the defect was central to the product's function; and (3) one of the four factors in *LiMandri v. Judkins*, 52 Cal.App.4th 326 (1997) exists. *Hodsdon*, 891 F.3d at 863. The *LiMandri* factors are:

> (1) when the defendant is the plaintiff's fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some of other material fact has not been disclosed.

*Hodsdon*, 891 F.3d at 862 (quotation and citation omitted). Plaintiff does not allege facts meeting these standards. First, she does not plausibly allege that whether the Fat Bombs or Fat Bomb shots are low- or reduced-calorie foods is "central to the product's function" rather than a "subjective preference[] about a product." *Id.* at 863-864. Second, she does not plausibly allege any of the four *LiMandri* factors. Defendant was not Plaintiff's fiduciary. Defendant did not have exclusive knowledge of the products' calorie content: the Nutrition Facts panel plainly provided that information, which was obviously reasonably accessible to Plaintiff. Defendant did not actively conceal any material fact; it listed the calories per serving on the packaging. Additionally, the "zero sugar" and "zero sugar added" representations were truthful, not misleading, and the calories per serving were disclosed.

For all of these reasons, Plaintiff fails to plausibly allege a CLRA claim.

### D.     Plaintiff Fails to Plausibly Allege an FAL Claim or a UCL Claim Under the "Fraudulent" or "Unfair" Prongs.

In Counts 2 and 3, Plaintiff attempts to allege violations of the UCL's "unfair" and "fraudulent" prongs. (Dkt. 5, pp. 24-26.) In Count 5, Plaintiff attempts to allege violations of the FAL. (*Id.* at p. 29.) The only theory of "unfairness" in Count 2 is the same theory set forth in the CLRA claim as well as the UCL "fraudulent"-prong and FAL claims: "Defendant deceptively failed to reveal facts that are material in light of the zero-sugar representations that were made." (*Id.* ¶ 94.) Thus, Counts 2, 3 and 5 are governed by the same standards as the CLRA claim. *See Chapman*, 220 Cal.App.4th at 230; *Varela*, 2021 WL 8565989, at *3; *Klaehn*, 2020 WL 3971518, at *8 (where only theory of "unfairness" was the same theory of deception that failed to plausibly allege a CLRA claim, the UCL "unfair" claim failed for the same reasons as the CLRA claim); *see also Hodsdon,* 891 F.3d at 865, 867-68 (affirming dismissal of UCL and FAL claims for same reasons as CLRA claim).

For the same reasons that Plaintiff fails to allege a CLRA claim (see Section III.C, *supra*), Counts 2, 3 and 5 of the FAC fail as a matter of law.

### E.     Plaintiff Fails to Plausibly Allege a UCL "Unlawful"-Prong Claim.

In Count 4, Plaintiff attempts to allege a UCL "unlawful"-prong claim. Unlawful conduct under the UCL is "anything that can properly be called a business practice and that at the same time is forbidden by law." *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *4 (S.D. Cal. Nov. 1, 2012) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999)). For several reasons, Plaintiff's "unlawful" claim fails.

First, in Count 4, while Plaintiff does not clearly allege what predicate law she bases her "unlawful" claim upon, it appears to be her alleged violations of the CLRA and FAL, as she alleges Defendant's business practices were "'unlawful' because it deceptively failed to reveal facts that are material in light of the sugar claims that were made[.]" (Dkt. 5, ¶ 112.) To the extent the "unlawful" claim is predicated on the alleged

violations of the CLRA or FAL, it fails for the same reasons as those other claims. (*See* Section III.C and D, *supra*).

Second, to the extent Plaintiff attempts to predicate the "unlawful" claim on the alleged purely technical violation of FDA regulations—while failing to plausibly allege deception—she fails to plausibly plead facts establishing statutory standing under the UCL. To have statutory standing, the UCL requires the plaintiff to have suffered economic injury "as a result of" the unfair competition she alleges. *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326 (2011) (quoting Cal. Bus. & Prof. Code § 17204). "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentations." *Id.* (quotation and citation omitted). Assuming arguendo that a technical FDA regulation required Defendant to state, near the "zero sugar" or "zero added sugar" statement, that the product is not a low- or reduced-calorie food, Plaintiff does not allege facts plausibly demonstrating how that technical violation alone *caused* any economic injury to her. As she has failed to plausibly allege the packaging would deceive reasonable consumers, she has failed to plausibly demonstrate how an alleged regulatory violation alone could have caused any economic loss. She does not allege that, at the time of her purchase, she knew anything about the FDA regulations she cites in the FAC, let alone that she relied upon the food labels' alleged non-compliance with them.

Third, and in any event, Plaintiff's effort to enforce FDA regulations via a UCL "unlawful" claim is impliedly preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001), as recently explained in *Chong v. Kind LLC*, --- F.Supp.3d ---, 2022 WL 464149 (N.D. Cal. Feb. 15, 2022). *Buckman* preemption rests on two principles: (1) a consumer may not impose labeling requirements under state law that are different from those imposed under federal law (21 U.S.C. § 343-1); and (2) a consumer has no ability to privately enforce federal labeling law (21 U.S.C. § 337(a)). The Federal Food, Drug, and Cosmetic Act ("FDCA") not only provides no private right of action but expressly provides that all enforcement is to be by the U.S. government

(e.g., FDA) and state agencies. *Id.* The Ninth Circuit has explained that these two principles create only a "narrow gap" through which a state-law claim must fit to escape preemption by the FDCA: "The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim is expressly preempted by [21 U.S.C. § 343-1], but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted under *Buckman*)." *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1120 (9th Cir. 2013) (quotation and citation omitted).

Here, Plaintiff's allegations of an alleged regulatory violation fail to navigate this narrow gap. Put simply, Plaintiff's UCL "unlawful" claim is implied preempted by federal law because "Plaintiff is suing not only for conduct that violates the FDCA but 'because the conduct violates the FDCA.'" *Borchenko v. L'Oreal USA, Inc.*, 389 F.Supp.3d 769, 774 (C.D. Cal. 2019); *accord Chong,* 2022 WL 464149, at *4; *Stengel v. Medtronic Inc.*, 704 F.3d 1224, (9th Cir. 2013) (FDCA impliedly preempts state law claim that "originates from, is governed by, and terminates according to federal law" (quotation omitted)). While the Supreme Court noted in *Buckman* that "certain state-law causes of action that parallel federal [] requirements" may escape implied preemption, to make that escape the state-law claims must "be relying on *traditional state tort* law which had predated the federal enactments in question[.]" *Buckman*, 531 U.S. at 353 (emphasis added). In the FAC, Plaintiff does not plausibly allege any traditional state tort law (let alone tort law predating the FDCA) requiring an accurate "zero sugar" or "zero added sugar" statement to be accompanied by an adjacent disclaimer that the food is not low- or reduced-calorie.

In short, if the FDA were to remove the regulation on which Plaintiff relies, the UCL "unlawful" claim would instantly fail. Therefore, *Buckman* preemption applies. As explained in *DeBons v. Globus Medical, Inc.*, No. 2:13-cv-08518-SVW, 2014 WL 12495351 (C.D. Cal. Aug. 8, 2014), "although couched as [an] independent state-law claim[], Plaintiff's UCL [claim] would still only be actionable if Defendant's conduct

was first found to have violated the FDCA. That is, Plaintiff is still suing *because* the conduct violates the FDCA. [Citation.] Therefore, these claims are preempted." *Id.* at *4.

For all of these reasons, Plaintiff fails to state a UCL "unlawful" claim.

**F.    The Unjust Enrichment Claim Fails as a Matter of Law.**

In Count 6, Plaintiff purports to allege a claim for unjust enrichment. The claim fails for two independent reasons. First, California does not recognize a separate cause of action for unjust enrichment. *DeHavilland v. FX Networks, LLC*, 21 Cal.App.5th 845, 870 (2018) ("Unjust enrichment is not a cause of action."); *Klein v. Facebook, Inc.*, --- F.Supp.3d ---,  No. 20-CV-08570-LHK, 2022 WL 141561, at *62 (N.D. Cal. Jan. 14, 2022) (collecting cases). "[C]ourts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky v. Apple Inc.*, 445 F.Supp.3d 110, 132 (N.D. Cal. 2020).

Second, the unjust enrichment claim is based on the same theory of consumer deception as the CLRA, FAL and UCL claims, and therefore fails for the same reasons as those other claims. *See Yu v. Dr Pepper Snapple Group, Inc.*, No. 18-cv-06664-BLF, 2020 WL 5910071, at *7 (N.D. Cal. Oct. 6, 2020); *Chuang v. Dr. Pepper Snapple Group, Inc.*, No. CV 17-01875-MWF, 2017 WL 4286577, at *8 (C.D. Cal. Sept. 20, 2017).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.   CONCLUSION

Unless common sense and even an ounce of personal responsibility are entirely passé, Plaintiff fails to plausibly allege that reasonable consumers would be misled to believe that a chocolate peanut butter cup named a "Fat Bomb," or a "Fat Bomb Shot" containing 10g pure MCT oil, is a low-calorie food merely because it is truthfully described as containing no sugar or no added sugar, particularly where the calories per serving are plainly stated on the package. The Court should grant the motion to dismiss in its entirety.

Dated:  August 5, 2022

AMIN TALATI WASSERMAN, LLP
William P. Cole
Matthew R. Orr


By: /s/ William P. Cole
William P. Cole

Attorneys for Defendant KSF Acquisition Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/William P. Cole*
William P. Cole

DEFENDANT KSF ACQUISITION CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT